IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00955-BNB

PETER ROUSSEAU,

    Plaintiff,

v.

MICHEAL WHIPP, and
BETSY BURTON,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 1 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Peter Rousseau, initiated this action by filing *pro se* a complaint for money damages. Mr. Rousseau has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court has reviewed the complaint and has determined that it is deficient because the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a

complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rousseau fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends. Therefore it is not clear what, if any, federal right the defendants allegedly violated. In addition, his complaint is vague. Mr. Rousseau apparently asserts that the defendants were his landlords. He alleges that they broke into his home, stole his digital photographs, and kept $950.00 of the deposit he paid on the rental property, among other allegations. It is unclear whether Mr. Rousseau resides in Longmont or in Boulder, Colorado. He also fails to provide a complete address for the defendants, who he contends reside in Lyons, Colorado.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Rule 8 and that Mr. Rousseau should be given an opportunity to file an amended complaint. Mr. Rousseau is advised that in order to state a claim in federal court his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

2

the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Peter Rousseau, file, **within thirty days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order and that provides a complete address for each named party in the case. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of a current Court-approved complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended complaint that complies with this order the complaint and the action will be dismissed without further notice.

DATED May 1, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00955-BNB

Peter Rousseau
c/o Melanie Labuda
2515 Broadway
Boulder, CO 80304

   I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 5/1/09

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk