IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00955-BNB

PETER ROUSSEAU,

    Plaintiff,

v.

MICHEAL WHIPP, and
BETSY BURTON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 12 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Peter Rousseau, initiated this action by filing *pro se* a complaint for money damages. Mr. Rousseau has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On May 1, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Rousseau to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 1, 2009, Mr. Rousseau filed an amended complaint. The Court has reviewed the amended complaint and has determined that the amended complaint, like the complaint Mr. Rousseau originally filed, is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

In the May 1, 2009, order for an amended complaint, Magistrate Judge Boyd N. Boland informed Mr. Rousseau that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a), he explained, is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rousseau also was informed that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In the amended complaint, Mr. Rousseau apparently asserts that in summer 2008 the defendant landlords, Micheal Whipp and Betsy Burton, removed him from the rental property where he lived, stole digital files containing landscape photographs of

2

his garden, and harassed him including by changing the locks on his residence, among other allegations. However, he fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* amended complaint at 2. He simply contends that the basis for his claims is "'theft of intellectual property.'" *See* amended complaint at 5. Therefore, the statutory basis for his claims is unclear.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Mr. Rousseau may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 11 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00955-BNB

Peter Rousseau
c/o Melanie Labuda
2515 Broadway
Boulder, CO 80304

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/12/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk